**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **REBECCA A. PHILLIPS, #08987-025,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 12-cv-763-JPG** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 11-cr-40008-JPG** |
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 2). On August 5, 2011, Petitioner entered a plea of guilty to one count of conspiracy to distribute cocaine base ("crack") and four counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Phillips,* Case No. 11-cr-40008-JPG (Doc. 61). The written plea agreement included a waiver of Petitioner's rights to appeal and to collaterally attack her sentence (Doc. 38, pp. 10-11 in criminal case).

On August 25, 2011, the undersigned Judge sentenced Petitioner to 87 months imprisonment, a total of eight years supervised release, a fine of $250, and a special assessment of $500. Judgment was entered on August 31, 2011 (Doc. 61 in criminal case). Petitioner did not file a direct appeal, nor did she apply for a writ of certiorari to the Supreme Court of the United States. She did, however, file a pro se motion for retroactive application of new crack

cocaine sentencing guidelines, on January 9, 2012 (Doc. 68 in criminal case).  This Court denied the motion, and Petitioner appealed.  Her appeal was dismissed for want of prosecution on May 14, 2012 (Doc. 85 in criminal case).

Petitioner's § 2255 motion was timely filed on July 3, 2012.  She raises four grounds for relief, all of which allege ineffective assistance on the part of her trial counsel.  These include assertions that her attorney failed to file a Notice of Appeal despite her request; that counsel failed to challenge the amount or purity of the drugs involved; failed to challenge her alleged position in the conspiracy; and most significantly, that counsel was "unavailable" during the plea phase, as well as during sentencing and direct appeal (Doc. 2, pp. 4-5, 7-8).

A valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar, Petitioner appears to assert that counsel's "unavailability" infected the plea negotiations, which could call into question the validity of Petitioner's waiver of her right to seek collateral review.  Without commenting on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court **ORDERS** the Government to file a response to Petitioner's motion by **September 17, 2012.**  The Government shall, as part of its response, attach all relevant portions of the record.  Petitioner may file a reply brief (no longer than 5 pages) by **October 2, 2012.**  If review of the briefs indicates that an evidentiary hearing is warranted, the Court will set the

hearing by separate notice and, if Petitioner qualifies under 18 U.S.C. § 3006A, appoint counsel to represent her at the hearing.

      **IT IS SO ORDERED**.

      **DATED:  August 16, 2012**

                            *s/J. Phil Gilbert*
                            **United States District Judge**