IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REBECCA A. PHILLIPS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-763-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Rebecca A. Phillips' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 2). The Government responded to the motion (Doc. 4). Petitioner failed to file a reply to the Government's response.

1. **Background**

On May 11, 2011, Phillips entered a guilty plea to one count of conspiracy to distribute crack cocaine and four counts of distribution of crack cocaine. *See United States v. Phillips,* Case No. 11-cr-40008, Doc. 36. On August 25, 2011, the Court sentenced Phillips to 87 months imprisonment, eight years supervised release, a $500 special assessment, and a $250 fine. *Id.* Attorney Susan Gentle represented Phillips throughout these proceedings. *Id.*

Phillips' instant § 2255 motion alleges four grounds of ineffective assistance of counsel. Ground One alleges ineffective assistance of counsel because defense counsel failed to file a notice of appeal. Ground Two alleges ineffective assistance of counsel because defense counsel "failed to challenge the drug amount and purity." Doc. 2, p. 5. Phillips alleges this issue was not raised on appeal because defense counsel failed to file a notice of appeal. Ground Three alleges ineffective assistance of counsel because "defense counsel was 'unavailable' during the plea and

sentencing and direct appeal stages of my case." Doc. 2, p. 7.  Again, Phillips explains she did not raise this issue on direct appeal because defense counsel failed to file a notice of appeal.  Finally, Ground Four alleges ineffective assistance of counsel because "defense counsel failed to challenge my alleged 'position' in the conspiracy."  Doc. 2, p. 8.  Again, Phillips explains this issue was not raised on direct appeal because her defense counsel failed to file a notice of appeal.

The Government responded to Phillips' § 2255 motion (Doc. 4).  In that response, the Government explains that it contacted Phillips' defense counsel, Susan Gentle, concerning Phillips' allegations contained in the § 2255 motion.  Gentle denied that Phillips had requested she file a notice of appeal.  Further, the Government complains that Phillips' § 2255 motion contains insufficient details for it to refute Phillips' claims.  For instance, Phillips fails to indicate on what date she requested Gentle to file the appeal or the method by which she instructed Gentle to file the appeal (i.e., by phone, in person, by mail).

2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir.2000).

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). If the defendant timely told his attorney that he wanted appellate review, and the attorney failed to timely perfect an appeal, the Court should enter an order giving the defendant the right to an appellate proceeding, as if on direct appeal. *Castellanos*, 26 F.3d at 720; *see Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989) ("Ineffective assistance may justify vacating and reentering the judgment of conviction, allowing a fresh appeal.").

If Phillips did instruct Gentle to file an appeal and she failed to do so, the appropriate remedy would be to grant an order giving Phillips a right to an appellate proceeding. Based solely on the pleadings, the Court is unable to determine whether Phillips actually instructed

Gentle to file a notice of appeal.  The most efficient way to resolve this dispute is to hold a hearing.

3.  Conclusion

The Court therefore **ORDERS** a hearing to be held on February 7, 2013, at 1:30 p.m. in Benton, Illinois, addressing the issue of whether Phillips instructed Gentle to file an appeal. Phillips is to attend by way of video conference.

The Court finds that the interests of justice require that Phillips be represented by counsel at the hearing but that she is unable to afford counsel.  Accordingly, the Court hereby **APPOINTS** the Federal Public Defender to represent Phillips in the hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A.  This representation is limited to the issue of whether Gentle was ineffective for failing to file a notice of appeal.

**IT IS SO ORDERED.**

**DATED:** December 14, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**